J. T. Shields, S. J.,
delivered the opinion of the Court.
On the 12th of October, 1861, the defendant in error commenced suit against the plaintiff in error and one J. H. Crouch, in the Circuit Court- of "Washington county, on an instrument in these words:
$450. On or before the 15th of March, 1860, we . *473 promise to pay Thomas Diggs four hundred and fifty dollars for value received. This 17th March, 1859.
J. H. Chough,

Q.M.Branda,

By J. H. Crouch.
The original summons commands the Sheriff to summon J. H. Crouch and T. M. Brannon, to answer the said Thomas Diggs in a plea of debt, “that he render unto him four hundred and fifty dollars, which to him he owes and from him detains, to his damage, two hundred and fifty dollars.” The process was regularly executed on both parties in time to make the cause a return to the October Term, 1861. The return of the Sheriff as to the plaintiff in error is executed on “T. M. Brandon,” the true name of the plaintiff in error, “ 14th October, 1861.”
The declaration was filed October -29, 1861, as appears from the official indorsement of the Clerk, and is in these words:
“Thomas Diggs v. J. H. Crouch & T. M. Brannon.
“Circuit Court, Washington county, Tennessee, October Term, 1861.
“ The plaintiff sues the defendants, J. H. Crouch and T. M. Brannon, for four hundred and fifty dollars, due by promissory note or writing obligatory, made by them on 17th March, 1860, which, with the interest thereon, remains unpaid, to the plaintiff’s damage two hundred and fifty dollars.”
“No proferí of the instrument on which the suit is brought is made, and for this reason, this loose and in-artificial declaration, even under the Code system of al *474 legation, was subject to demurrer, but no demurrer was filed, or other defense made; and on June 26, 1865, a judgment final, by default, was rendered by the Court, for four hundred and fifty dollars debt, and “the further sum of one hundred and forty-two dollars interest,” and the cost of the cause.
It appears that during the next term of the court, the plaintiff presented a petition for a writ of error, coram nobis, which petition admits that the plaintiff in error had been summoned to the October Term, 1861, to answer Thomas Diggs in an action of debt, but states that the petitioner had no recollection of ever having had any dealing with said Diggs; that he went to the court and employed an attorney to defend, if necessary, who informed petitioner that he could find no declaration filed; that, in consequence of the war, the courts were soon afterwards closed; that when the courts were re-opened in June last, he attended in proper person, and that he and his attorney searched for the papers in the clerk’s office, and being unable to find them, petitioner was told, as we infer, by his attorney, “to go his way,” which he did, but left his attorney to attend to all his business; that afterwards the papers were found, and, without the knowledge of the petitioner or his attorney, the judgment was taken.
The petitioner further states that he did not, by himself or agent, execute the instrument on which the suit was brought; that if he had known that such a note was on file, he would have denied the execution of it on oath; that gross injustice has been done him; and that to correct these errors and mistakes of fact *475 a writ of error coram, nobis be granted him, the cause reinstated on the docket, and he be allowed to make defense. At the same term of the court, on the filing of said petition, this order was made: “ In this case, upon a petition which shows a state of facts that, in the opinion of the Court, authorizes a writ of error coram nobis, it is considered by the Court that the judgment by default, entered at last term, be set aside, and for nothing held; and said cause is reinstated on the docket, in the same plight and condition it was before the final judgment by default was entered, and that a writ of error coram nobis, issue.”
The following errors were assigned:
1. The name of the petitioner was not Brannon, but Brandon; the note sued on was signed by T. M. Branda.
2. The declaration could not be found in the Clerk’s office at the October Term of the Court.
3. At the June Term, the Clerk, after diligent inquiry, could not find the papers in the office, and the counsel of the petitioner told him that he might go his way.
4. The note sued on was not made by the petitioner.
To these assignments of error a demurrer was filed and allowed.
The petition was dismissed. The cause is here by writ of error, and, therefore, the whole record is before us for review. A writ of error coram nobis, lies to correct an error in fact in the same Court where the record is, but the same Court can not correct an error in law, either by or without a writ of error; such error *476 should be redressed by another court. Hankins v. Bonie, 9 Gill and Johns., 428. It is said in 2 Tidd’s practice, 1137, that if a judgment in the King’s Bench be erroneous in matter of fact only, and not in point of law, it may be reversed in the same Court, by writ of error coram nobis, as where the defendant being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the commencement of the suit; for the error in' fact is not the error of the Judge, and reversing it is not reversing his own judgment,
If the error is in an erroneous conclusion upon a question of fact, this is not the remedy. Where the error appears on the face of this record, the writ of error coram nobis does not lie, and the redress is to be sought in a revising court; otherwise a Court would have the power to review and reverse its own final judgment, which can not be allowed. But, if a fact existed, which was not before the Court when the judgment was rendered, and the party who seeks to prosecute the writ has been guilty of no negligence, and if the fact be such that the Court would not have rendered the judgment had it been known, then the judgment may be reached and reversed by means of the writ of error co-ram nobis. Crawford v. Williams, 1 Swan, 341; Stephens Pl., 118-19.
We hold that there is no error in this record. Process was regularly served on the plaintiff in error, and he attended the court at the return term, and employed an attorney to defend the suit. He was also present at the term when the final judgment by default was taken, in his own proper person and by attorney. The *477 facts stated are not- sufficient to excuse him from not making defense. He knew that he was. sued — that the cause was in court; the • declaration was duly filed, and if the writ and declaration could not be found, he should have called upon the plaintiff’s attorney for the same; and in case of non-production, taken judgment of non pros, or brought the matter to the attention of the Court, for such order as the facts required. No declaration being in the office, in its proper place, on the fourth day of the return term, all that the plaintiff in error had to do to fully protect himself, was, to take a judgment of ncn pros against the plaintiff below. This he could also have done at the June Term, 1865. Besides, it appears that when he left the Court he left the case in charge of his attorney, whose duty it was to see that no advantage was taken. The law holds persons to diligence in the prosecution or defense of their suits in Court, and the rules of practice and pleading, which their attorneys are bound to know and observe,, afford them ample protection against undue advantage. We are satisfied that there was negligence in no¿ pleading the misnomer in abatement, the only mode in which that defense can be made, or in not pleading the alleged defense of non est factum in bar, and that a proper case for a reversal of the judgment on a writ of error coram nobis, was not made.
It is now further insisted that there is error in law in the record, because the damages in the writ are laid at two hundred and fifty dollars, and the judgment is for a much larger sum. But, as we have seen, the judgment is for the amount of the debt, and the interest by way of damages, the amount of -the interest *478 recovered being less than the damages laid in the writ and declaration. This is correct.
"We affirm the judgment by default, and also the judgment allowing the demurrer to the assignment of errors.